UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JHAL DEVONN SMITH,

        Plaintiff,                       Case No. 1:22-cv-127

v.                                            Hon. Jane M. Beckering

JOHN W. VINCENT,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action brought by *pro se* plaintiff Jhal Devonn Smith ("Smith") against John W. Vincent ("Vincent"), his former attorney.[1] For the reasons discussed below, the complaint should be dismissed.

### I.    Smith's complaint

Smith appears to allege a variety of state law claims, including breach of contract, defamation[2], misrepresentation, and perhaps professional malpractice, all related to Vincent's representation of Smith. It appears that Smith wants his money back and compensatory damages for being convicted and sentenced to prison. The first page of Smith's claims is unintelligible. Compl. (ECF No. 1, PageID.3). It appears that Smith or another person re-wrote these claims in a more legible manner. *See id*. at PageID.4. Smith states in pertinent part (in his words),

> I am basing this claim upon a underneith a matter of law, and State procedures. he did not uphold the value of council due to any defendant concerning such a high profile alleged acused of acusations. therefore I wish to bring to the court this claim

---

[1] The Court notes that while Smith is a prisoner in the custody of the Michigan Department of Corrections, this lawsuit is unrelated to prison conditions and does not allege any federal claim.

[2] Smith variously refers to "deplimation" and "deplumation."

> held by Deplumation for personal opinions my request before the court is to honor by granting me thi opportunity to proceed in the unjustly representation for Hire and personal misfits. Id like to uphold court rules in the matter of criminal-law and or statues, but bring into the matter involved for Re-instatement of currency for formerly hired and allowing me to be at Risk false imprisonment and my personal value against personal opinion threw lack of council . . .

*Id*. at PageID.4.  Smith wants damages in the amount of $168,000.00 "for allegations and personal hardship." *Id*.  Smith also wants "personal court-Refunds" and compensation for "emotional wear unlawfully." *Id*. at PageID.6.

### II.    Lack of jurisdiction

The Court should dismiss this complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).  The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006).

Smith does not set forth any basis for federal jurisdiction.  Viewing his nearly incoherent complaint in the broadest possible manner, it appears that Smith wants a refund from

2

his lawyer and damages because Smith is now in prison. As discussed, Smith's claims appear to arise from state law. Given these allegations, federal jurisdiction would be based upon diversity of citizenship under § 1332, which provides in pertinent part that

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

Smith has failed to meet his burden of establishing federal subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377. Specifically, Smith does not allege or demonstrate complete diversity among the parties as required under § 1332. *See* Fed. R. Civ. P. 8(a) (a pleading must contain, "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"). For this reason, Smith's complaint should be dismissed because it does not allege the existence of diversity jurisdiction as required by 28 U.S.C. § 1332(a)(1).[3]

---

[3] Based on the meager record, it appears that there is no diversity jurisdiction in this case, because both parties appear to be citizens of Michigan. Attorney Vincent's address is given as Marshall, Michigan. PageID.2. While Smith is incarcerated in Ionia, Michigan, this does not mean that he is a Michigan citizen for purposes of § 1332. "Generally, a prisoner is a citizen of the state where they resided prior to incarceration." *Knoll v. Rukes*, No. 1:17-cv-1023, 2017 WL 6462361 at *2 (W.D. Mich. Dec. 19, 2017). According to court records, Smith had resided with the victim until September 2014, and was charged in the Calhoun County Circuit Court for crimes committed at that residence in November 2014. From this record, the Court infers that before his incarceration, Smith resided in Calhoun County, Michigan. *See People v. Smith*, No. 328642, 2016 WL 6992690 (Mich. App. Nov. 29, 2016).

### III.     Recommendation

Accordingly, I respectfully recommend that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of federal subject matter jurisdiction.

Dated:  February 25, 2022          /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).